Filed 4/18/22  P. v. Fletes CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049104 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1902656) |
| v. | |
| RAMON FLETES, | |
| Defendant and Appellant. | |

Defendant Ramon Fletes appeals from a judgment entered after conviction by plea.  Appointed counsel for Fletes has filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Fletes was advised of the right to file a supplemental brief but has not responded.  Finding no arguable error that would result in a disposition more favorable to Fletes, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

On January 13, 2019, at approximately 1:00 a.m., Matthew Cintas went to a friend's apartment.[1]  Cintas was under the influence of methamphetamine and PCP.

---

[1] These facts are taken from the probation report and other materials prepared for Fletes's sentencing.

Fletes and a number of other people were at the apartment. Cintas got into a physical fight with people inside, including Fletes. Cintas was forced out of the apartment and subsequently fired a bullet at the closed front door. A few minutes later, Cintas and Fletes encountered each other outside. Fletes shot Cintas multiple times.[2] Cintas was armed when he was killed; his gun was found tucked into the waistband of his pants. Fletes fled the scene.

On February 8, 2019, Fletes was charged by complaint with one count of murder (Pen. Code, § 187, subd. (a)).[3]

On November 18, 2020, the district attorney filed an amended complaint, which altered count 1 to a charge of voluntary manslaughter (§ 192, subd. (a)), with an allegation that Fletes had personally used a firearm in the commission of the crime (§ 12022.5, subd. (a)).

Pursuant to a written plea agreement, Fletes entered a plea of no contest to the amended count 1 in exchange for a promise that he would receive a prison term of between three and six years.

On April 2, 2021, the parties appeared before the trial court for the sentencing hearing. The court sentenced Fletes to the middle term of six years and ordered the firearm destroyed. The court awarded 906 days of custody credit and struck the punishment on the firearm enhancement (§ 1385, subd. (b)(1)).

The trial court ordered a restitution fund fine of $300 (§ 1202.4, subd. (b)) and imposed and suspended a $300 parole revocation fund fine (§ 1202.45). The court

---

[2] The record makes clear that the facts surrounding the violence between Fletes and Cintas (and particularly whether either or both acted in self defense) were disputed by the parties. The trial court observed at sentencing, "nobody really knows what truly happened on that day, only I think Mr. Cintas and Mr. Fletes really know. . . . I do believe that the truth is probably somewhere in the middle."

[3] Unspecified statutory references are to the Penal Code.

waived all other fines and fees. The court ordered restitution in the amount of $2,531.90 for funeral expenses.

On May 4, 2021, Fletes filed a notice of appeal but did not seek a certificate of probable cause.

## II. DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Fletes. We therefore affirm the judgment.

## III. DISPOSITION

The judgment is affirmed.

_____

Danner, J.


WE CONCUR:




_____

Greenwood, P.J.






_____

Wilson, J.




**H049104**
*People v. Fletes*